**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALEXANDER ALLI , *et al.* | : | No. 4:09-cv-0698 |
| | : | |
| Petitioners-Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| THOMAS R. DECKER, *et al.* | : | |
| | : | |
| Respondents-Defendants. | : | |

**MEMORANDUM AND ORDER**

**October 9, 2009**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Petitioner Alexander Alli's and Petitioner Elliot Grenade's (collectively, "Petitioners") Motion for Reconsideration ("The Motion"). (Doc. 61). The Court has already denied Petitioners' Motion for Reconsideration with respect to the standard by which the reasonableness of their detention will be analyzed. (Doc. 73). Now, we will address Petitioners' Motion with respect to our denial of class certification.

## I. BACKGROUND

Petitioners are lawful permanent residents charged by the Bureau of Immigration and Customs Enforcement with being deportable from the United

States because of criminal convictions. In Petitioners' combination habeas petition and civil complaint, they challenge their continuing detention during the pendency of removal proceedings. Petitioners' detention during the proceedings is pursuant to the mandatory detention provisions of Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c). The Petitioners request that the Court declare that the failure to provide them with a hearing at which the government must justify their continued detention violates the INA and the Due Process Clause of the Fifth Amendment. The Petitioners also seek an order directing the government to conduct these hearings.

Beyond the above-mentioned declaratory and injunctive relief, Petitioners requested certification of a class of all lawful permanent residents in Pennsylvania, or alternatively in the Middle District of Pennsylvania, who are or will be subject to detention for six months or more under §1226(c) without an individualized hearing at which the government must justify their continuing detention. Petitioners also sought a declaration that the failure of the government to provide such a hearing violates the INA and due process.

Pursuant to the Memorandum and Order entered on August 10, 2009, this Court denied and dismissed Petitioners' Motion for Class Certification for lack of subject matter jurisdiction, denied Petitioners' Motion for a Preliminary Injunction

as moot, and detailed the framework under which this Court will analyze Petitioners' habeas petitions regarding the reasonableness of their detention. (Doc. 56). Petitioners filed the instant Motion for Reconsideration on August 24, 2009, requesting the Court "correct [a] clear error of law or prevent manifest injustice" and "(1) reconsider and clarify its two-stage inquiry into the reasonableness of Petitioner's detention and their entitlement to release and (2) reconsider its holding that 8 U.S.C. § 1252(f)(1) bars Petitioners' class action for declaratory relief." (Doc. 61 pp. 1-2). Petitioners filed their Brief in Support of the motion on August 24, 2009. (Doc. 62). Respondents filed their Brief in Opposition on September 9, 2009 (Doc. 68), and Petitioners filed their subsequent Reply Brief on September 14, 2009. (Doc. 72). Accordingly, this matter is ripe for disposition. The Court thus far denied the Motion to the extent that Petitioners requested the Court to reevaluate the standard by which the reasonableness of their detention will be judged. Our analysis of Petitioners' Motion regarding this Court's denial of class certification follows.

## II. STANDARD OF REVIEW

The purpose of a Rule 59(e) motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp v. Zlotnicki*, 779 F.2d 906,

909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ruled on the previous motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (Citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). A motion for reconsideration is appropriate in instances when the court "has made an error not of reasoning, but of apprehension," and a court "must not grant reconsideration when the motion is simply a re-styling or rehashing of issues previously presented." *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001) (internal citations omitted). "Mere disagreement with the court is a ground for appeal, not a motion for reconsideration." *Id.* (quoting *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)).

## III. DISCUSSION

As noted above, Petitioners proposed to represent a class of all lawful permanent residents in Pennsylvania, or in the Middle District of Pennsylvania, who are or will be subject to detention of six months or more under § 1226(c) without an individualized hearing at which the government must justify the detention. The Petitioners also sought a declaration that the failure of the government to provide such a hearing violates the INA and due process. In our August 10, 2009 Memorandum and Order, we denied the Petitioners' Petition for Class Certification because this Court lacks subject matter jurisdiction over the class claims pursuant to of the prohibitions with respect to relief articulated in § 1252(f)(1). (Doc. 56).

In requesting reconsideration, Petitioners maintain that § 1252(f)(1) does not foreclose claims for declaratory relief. (Doc. 62 pp. 10-18). In the alternative, Petitioners assert that even if § 1252(f)(1) does prohibit declaratory relief, it nonetheless does not prohibit class-wide relief for Petitioners' claim that the government's enforcement procedures *violate* the statute. (Doc. 62 pp. 18-23). Petitioners finally claim that this Court's interpretation of § 1252(f)(1) as precluding declaratory relief "stands to cause a manifest injustice." (Doc. 62 p. 23).

**A. Interpretation of Section 1252(f)(1)**

Petitioners assert in the Motion that this Court erred in its interpretation of § 1252(f)(1). Specifically, Petitioners note that this Court "rejected Petitioners' argument that in interpreting the meaning of the provision, it should look at the statute as a whole, and particularly Congress' express prohibition of both 'declaratory relief' and 'class certification' in a neighboring section...." (Doc. 62 p. 11). Petitioners also assert that the Court inaptly disregarded the prefatory language of the section. Furthermore, Petitioners claim that this Court did not construe "restrain" consistently with the rest of § 1252(f)(1), and inappropriately supported its determination with inapplicable cases. (Doc. 62 pp. 14-18).

Petitioners' arguments with respect to the Court's interpretation of § 1252(f)(1) are, for the most part, a re-styling of their initial claim: that declaratory judgments are permitted under § 1252(f)(1). (*See e.g.*, Transcript of Proceedings, Doc. 53 pp. 18-22; *see also* Doc. 45 pp. 13-17). Petitioners initially asserted that only injunctive relief was prohibited under § 1252(f)(1), and therefore a class-wide declaration was permitted. (*See* Transcript, Doc. 53 p. 11 ("No, the class can't come in and ask for a class wide injunction. . . . We only sought declaratory relief partly because we think it's clearest that the statute permits class wide declaratory relief, but also because we thought it was the less intrusive remedy for a court to order.")). Petitioners have maintained the claim that because declaratory relief is

not injunctive relief it is permitted under § 1252(f), and have now added alternative arguments upon "learning of the Court's specific concerns regarding the meaning of the statute's use of the terms 'enjoin' and 'operation of.'" (Doc. 62 p. 9).

As this Court noted in the August 10, 2009 Memorandum and Order and we now repeat: "The role of the courts in interpreting a statute is to give effect to Congress's intent.... Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute. *United States v. Diallo*, 575 F.3d 252, 256 (3d Cir. July 31, 2009) (quoting *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001)). Starting with the plain language of the statute and the ordinary meaning of the terms employed, this Court found that "a classwide declaration that the failure to provide all class members who are or will be detained under § 1226(c) for 6 months or more with individualized detention hearings violates the INA and due process would 'restrain' the operation of § 1226(c) within the plain meaning of that term." (Doc. 56 pp. 24-25). We acknowledged that a declaration is a "milder form of relief" than an injunction, but nonetheless has the same practical effect of a class-based injunction. (Doc. 56 p. 25). Because the use of the disjunctive in § 1252(f) prohibits both injunctive relief and restraint, and because a class-wide declaration

would operate as a restraint on the detention statute, this Court held that class-wide relief was prohibited under § 1252(f) and thus class certification was not proper. Petitioners have not sufficiently suggested that this Court made a clear error of law or misconstrued or overlooked any of their arguments with respect to the proper interpretation of § 1252(f). We therefore will reaffirm the interpretation of the statute as prohibiting class-wide relief.

**B. Class-wide Relief for Violation of Statute**

In support of the Motion, Petitioners claim alternatively that, even if § 1252(f)(1) does encompass and therefore prohibit class-wide declaratory relief in challenges to the detention statute itself, that provision nonetheless does not foreclose class-wide relief for *violations* of the statute. (Doc. 62 p. 18). Petitioners assert that this Court erred in two respects: first, by holding that the "operation of" the statute encompasses the implementation of the statute, and, second, by noting that the Petitioners did not, in fact, challenge a violation of the statute. (Doc. 56 pp. 28-29; Doc. 62 p. 19). Petitioners claim that the requested declaratory relief would "neither add an additional unintended constraint to the statute, nor declare it unconstitutional." (Doc. 62 p. 23). Rather, Petitioners maintain that such a declaration would only "set forth the proper meaning" of the statute and thus would not "restrain the operation of" the statute. *Id.*

In support of their argument that § 1226(f)(1) does not apply to suits challenging statutory violations, Petitioners cite to the recent decision of the United States Court of Appeals for the Ninth Circuit, *Rodriguez v. Hayes*, --- F.3d ---, 2009 WL 2526622 (9th Cir. 2009). In *Rodriguez*, the Ninth Circuit chose to distinguish between operation and violation of a statute, and concluded that while § 1252(f) foreclosed injunctive relief against the operation of the §§ 1221-1231, it did not prohibit class-wide injunctive relief for a violation of those statutes. *See id.* at *18-20. As noted by both Petitioners and the government, *Rodriguez* relies on the previous Ninth Circuit decision in *Ali v. Ashcroft*, 346 F.3d 873, 886 (9th Cir. 2003) *vacated on other grounds by Ali v. Gonzales*, 421 F.3d 795 (9th Cir. 2005). *See Rodriguez*, 2009 WL 2526622 at *20 ("Section 1252(f) prohibits only injunction of 'the operation of' the detention statutes, not injunction of a violation of the statutes. This is a distinction we have made before in a decision vacated on unrelated grounds.") (citing *Ali*, 346 F.3d at 886). Petitioners urge this Court to adopt the reasoning asserted by the Ninth Circuit in *Rodriguez* much the same as they once urged the Court to accept the reasoning articulated in *Ali v. Ashcroft* in the initial briefings. **(***Compare* Doc. 62 p. 21 ("[T]he Ninth Circuit ... recently reaffirmed this very reasoning, explaining that § 1252(f)(1) does not apply to suits challenging statutory 'violations' ...") *with* Doc. 45 p. 23 (noting that *Ali v.*

*Ashcroft* "held that § 1252(f)(1) was inapplicable where petitioners sought 'not to enjoin the *operation* of § 1231(b) but *violations* of the statute ...'" (citing *Ali*, 346 F.3d at 886))). While we note the persuasive authority of the Ninth Circuit's reaffirmation of its reasoning articulated in *Ali v. Aschcroft*, we are unwilling to adopt that reasoning as our own and will as a result not disrupt our prior holding.

**C. Manifest Injustice**

Finally, Petitioners maintain that reconsideration is appropriate because the Court has caused a manifest injustice by denying class certification. (Doc. 62 pp. 23-24). Specifically, Petitioners assert that "[t]he categorical preclusion of a class action device here would leave unprotected a large class of detainees who, given lack of access to counsel and other financial and language barriers, would have no way to assert their individual claims." (Doc. 62 p. 23). In Petitioners' original briefing before the Court first decided this issue, they asserted that the "government's reading of § 1252(f)(1) as effectively precluding any classwide relief with respect to Petitioners' claims would leave unprotected a large class of detainees who, given lack of access to counsel and other financial and language barriers would have no way to assert their individual claims." (Doc. 45 pp. 25-26). This Court recognizes the economy of "copy" and "paste," but notes that such conservation of time is misplaced in a motion for reconsideration. This Court

considered and rejected the argument the first time it was presented. We will now do so again. A court must not, and this Court will not, grant reconsideration on a mere "rehashing of the issues previously presented." *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001) (internal citations omitted).

## VI. CONCLUSION

Petitioners have not convinced us that we misinterpreted or overlooked any of Petitioners' arguments or assertions. We were presented with Petitioners' arguments in the initial briefings. We considered those arguments, and we disagreed. A motion for reconsideration is not the forum for Petitioners to express their disagreement with the Court's decision; such arguments are left to the appeal process. *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001) (quoting *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). Petitioners have not sufficiently asserted that this Court made a clear error of law or fact or caused a manifest injustice by its decision. The decision of, and reasoning supporting, the August 10, 2009 Memorandum and Order therefore stand, and we will deny Petitioners' Motion for Reconsideration (Doc. 61) regarding class certification. Because we already denied the Motion with respect to the "reasonableness determination," the entire Motion is now denied in its entirety. An appropriate Order follows.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Petitioners' Motion for Reconsideration (Doc. 61) is **DENIED**.

s/ John E. Jones III
John E. Jones III
United States District Judge